| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>PARKER McCAY P.A.<br>BRIAN E. CAINE / BEC 9602<br>9000 Midlantic Drive, Suite 300<br>P.O. Box 5054<br>Mount Laurel, New Jersey 08054<br>(856) 810-5815<br>Attorney for Secured Creditor, Fifth Third Bank, its successors and/or assigns |  |

In Re:

TERENCE GAVIN
xxx-xx-3019

Case No. 11-25000-MS

Hearing Date: April 5, 2012

Judge: STERN

**ORDER RESOLVING FIFTH THIRD BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SUBMITTED UNDER THE 7-DAY RULE**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: 05/14/2012**

_____
Honorable Morris Stern
United States Bankruptcy Judge

Upon consideration of Fifth Third Bank's, its successors and/or assigns ("Movant"), application for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain personal property as hereinafter set forth, and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. Debtor's outstanding post-petition installment arrearages as of April 5, 2012 total $4,096.50. Said arrears shall be cured by Debtor as follows:

   a) The Chapter 13 Trustee shall immediately disperse funds in the amount of $1,800.00 to Movant to be applied toward post-petition arrearages.

   b) The Debtor will cure the remaining post-petition arrears of $2,296.50 through the Chapter 13 Plan AND will also cure the pre-petition arrears of $4,131.50 for a total of $6,428.00 through the plan.

2. Creditor acknowledges receipt of payments in the amount of $819.30 on February 29, 2012 and April 3, 2012 and these two payments satisfied the regular monthly payments each due February 29, 2012 and March 29, 2012. Commencing with the April 29, 2012 post-petition installment payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

*Approved by Judge Morris Stern May 14, 2012*

**(Page 3)**
Debtor: TERENCE GAVIN
Case No: 11-25000-MS
Caption of Order: Order Resolving Fifth Third Bank's Motion for Relief from the Automatic Stay submitted under the 7-day rule

---

3. Commencing with the May, 2012 Chapter 13 plan payment, and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit plan payments directly to the Chapter 13 Trustee as same come due under the terms of the Chapter 13 plan.

4. Debtor shall reimburse Movant through his Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $500.00 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief from stay.

5. **Thirty-Day Default Clause:** If the Debtor should fail to make any of the monthly stated payment herein or any future payments that come due during the pendency of this case to either the Chapter 13 Trustee and/or Movant, for more than (30) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) so it can exercise its rights under State Law against the personal property commonly known as 2008 GMC Yukon XL, VIN: 1GKFK66888J250083. The order submitted to the Court will not require the consent of the Debtor or the Debtor's counsel regarding form or substance, however, the trustee, Debtor and his counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

6. Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the Court.

*Approved by Judge Morris Stern May 14, 2012*